in entering up the judgment, in the *August* vacation ; and the relation back to the term of *August*, is a fiction which can prejudice neither the parties nor purchasers, since the judgment is a lien only from the day on which it is docketed. To enter up judgment on a bond, of a term before it was executed or due, is, however, error on the face of the record ; but we do not think it proper to interfere, in this way. The defendant must be left to his remedy by writ of error ; and the plaintiff, to protect himself by a release of errors, if he can procure it. As to the charge of *forgery*, the affidavits are contradictory, and this court cannot weigh the credit of those who have made them. It is indispensable, therefore, that an issue be awarded to ascertain the truth, as to the genuineness of the bond and warrant of attorney ; and this issue must be prepared and brought to trial at the next circuit, to be held in the county of *Cayuga*.

Rule refused.

## Clinton *against* Elmendorf.

VAN VECHTEN, for the defendant, moved to set aside the report of the referees, in this cause, on the *merits*.

*Hawkins*, contra, objected, that this being a day to hear non-enumerated motions, the present motion was not in order.

*Per Curiam.* This being a motion to set aside the report on the *merits*, it must be considered as an enumerated motion ; it is otherwise, when founded on *irregularity*.

ALBANY,
Feb. 1808.

Clinton
v.
Elmendorf.

*Thursday, Feb. 11th.*
A motion to set aside a report of referees on the *merits*, is an enumerated motion.
Rules of *S. C. January* term, 1799.